UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE L. SANDOVAL,<br><br>    Plaintiff,<br><br>vs.<br><br><br><br>ANDREA RODGERS,<br><br>    Defendant. | CASE NO. 09cv2244-W<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2.)**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (Doc. No. 3.)**<br><br>**(3) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. 1915(e)(2)(B)** |

Before the Court are (1) Plaintiff's Motion to Proceed In Forma Pauperis and (2) Plaintiff's Request for Appointment of Counsel. (Docs. No. 2 and 3.) Plaintiff filed a complaint, apparently alleging a personal injury involving a motor vehicle. (See Doc. No. 1, Civil Cover Sheet.)

## I. DISCUSSION

### A. Motion to Proceed In Forma Pauperis.

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

The Court has reviewed Plaintiff's affidavit of assets and finds it is sufficient to show that she is unable to pay the fees or post securities required to maintain this action. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). (Doc. No. 2.) The Clerk of Court shall file the Complaint without prepayment of the filing fee.

### B. Initial Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B).

After granting IFP status, the Court must dismiss the case if the case "fails to state a claim on which relief may be granted" or is " frivolous." 28 U.S.C. § 1915(e)(2)(B). As currently pleaded, it is clear that Plaintiff's complaint: (1) fails to state a cognizable claim and is (2) is frivolous to the extent it is based on facts which are fantastic and delusional.

Plaintiff's complaint must be dismissed as frivolous to the extent it pleads facts which are fantastic or delusional. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. [The] term 'frivolous,' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); Lopez v. Dept. of Health Servs., 939 F.2d 881, 882 (9th Cir. 1991). When determining whether a

1  complaint is frivolous, the court need not accept the factual allegations as true, but must
2  "pierce the veil of the complaint," to determine if the allegations are "fanciful,"
3  "fantastic," or "delusional." <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (quoting <u>Neitzke</u>,
4  490 U.S. at 327-28).

5　　　　Here, Plaintiff does not state any cognizable claims against the defendant, but
6  instead makes delusional claims against various entities and celebrities.  For example,
7  plaintiff asserts that Defendant Andrea Rodgers has conspired with "many others born
8  premature with the drug provera" to cause five-car pileups on San Diego freeways. (Doc.
9  No. 1.)  Some of the named members of this conspiracy include Patrick J. Clark and O.J.
10 Simpson. (<u>Id.</u>)  In another example on page 5, Plaintiff alleges that several parties, not
11 listed as defendants, are part of a scheme to never make their mortgage payments and
12 to join in "murder with the German race massacres."

13　　　　Without more, the Court finds that there is no logical construction of Plaintiff's
14 complaint from which to divine a viable claim against the named defendant.  In sum,
15 Plaintiff's allegations are fanciful, fantastic and delusional and "it is absolutely clear that
16 the deficiencies of the complaint could not be cured by amendment."  <u>Franklin v.
17 Murphy</u>, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984).    Accordingly, the Court
18 **DISMISSES** Plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).
19
20 **C.    Appointment of Counsel.**
21　　　　Because the Court dismisses the case, the plaintiff's request for appointment of
22 counsel is **DENIED** as moot. (Doc. No. 3.)
23 //
24 //
25 //
26 //
27 //
28 //

## II. CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's motion to proceed in forma pauperis, **DISMISSES** the case with prejudice, and **DENIES** plaintiff's request for appointment of counsel.

**IT IS SO ORDERED.**

DATED: October 13, 2009

Hon. Thomas J. Whelan
United States District Judge